No. 149.—Succession of WILLIAM LEONARD. Opposition of DENNIS SULLIVAN.

The denial, under oath, of a signature to a promissory note, can only be overcome by one of the three kinds of proof required by article 325 of the Code of Practice.

APPEAL from the Ninth District Court, parish of Rapides. *Lewis, J. T. C. Manning,* for administrator and appellee, *Ryan & White,* for opponent and appellant.

WYLY, J. Dennis Sullivan appeals from a judgment rejecting his demand, dismissing his opposition, and homologating the account of the administrator of William Leonard's succession.

He claims that he is a creditor for $3035 25, evidenced by five promissory notes of the deceased, and by an open account against him; that the administrator refused to allow his claims and place them

on his tableaux, and he prays that the account be amended by placing thereon said claims to be paid according to law.

The main defense is a denial that the notes were signed by the intestate William Leonard.

This is a question of law and fact. Has the opponent produced the kind of evidence required by law to overcome a denial of the signature?

When the demand is founded on an obligation or act under private signature the " defendant shall be bound in his answer to acknowledge expressly or to deny his signature." C. P. 324.

In the three hundred and twenty-fifth article of the same code it is declared that: "If the defendant deny his signature in his answer, or contend that the same has been counterfeited, the plaintiff *must prove the genuineness* of such signature, either by witnesses who have seen the defendant sign the act, or who declare that they know it to be his signature, because they have frequently seen him write and sign his name. But the proof by witnesses shall not exclude the proof by experts, or by a comparison of the writing as established by the Civil Code."

There are, then, three kinds of proof by which a denial of signature may be overcome.

*First*—The proof of witnesses who have seen the act signed.

*Second*—The proof of witnesses who know the signature, having frequently seen the defendant write and sign his name.

*Third*—The proof by experts or comparison of the writing. 9 L. 409, 562; 1 A. 325; 4 A. 52; 21 A. 148.

The opponent has not attempted to introduce the proof of witnesses who knew the signature, nor the proof of experts, etc.

He has however introduced the proof of a witness who saw the deceased sign the note for $250, which is a compliance with the law.

He also has introduced the proof of another witness, Hays, who says, "he is a subscribing witness to the note marked 'C' (for $575), thinks Leonard signed the note, but can't say so positively."

This does not establish with legal certainty that the deceased signed this note; it is not sufficient to counterbalance the express denial of signature. 21 A. 148.

There is no other attempt made to establish the signature of the deceased to the notes by the kind of evidence required by law.

There is an attempt, however, to prove the signature of the subscribing witnesses to the notes.

This is not the kind of evidence provided by law to counterbalance the express denial of signature. 9 L. 562.

There was no attempt to prove the open account.

The opponent has only proved the signature to the note for $250, which should have been allowed and placed on the tableaux.

It is therefore ordered that the judgment appealed from be amended as follows; that the opponent have judgment against said succession for two hundred and fifty dollars, with eight per cent. interest thereon from twentieth of March, 1863, to be paid in due course of administration, that his name be .placed on the tableaux as a creditor for said amount, and as so amended that the judgment homologating the account be affirmed.

It is further ordered that the succession of William Leonard pay costs of both courts.